R. H. PHILPOT *v.* L. B. FIELDS, ADM'R, ETC.

**Injunction—Liability of Sureties on Bond.**

The sureties on an injunction bond are under no obligation to pay the balance due from one estate to the other upon a settlement of claims not involved in the issue made in the action in which the injunction was granted.

APPEAL FROM ADAIR CIRCUIT COURT.

October 16, 1873.

OPINION BY JUDGE PRYOR:

The. sureties in the injunction bond undertook to pay the damages the appellant's intestate might sustain in the event the injunction was wrongfully obtained.

The order granting the injunction restrained the appellee's intestate from collecting certain notes and particularly one on Cravens, as it was ascertained that Philpot could make title to certain slaves purchased of him by Cravens. The present appellant and appellee, the one being the legal representative of Cravens and the other the representative of Philpot, ascertaining that there were other matters of difference between them affecting the two estates, executed an agreement entered of record in this injunction suit by which all the matters in dispute between them as the administrators of these estates were referred to H. C. Baker as arbitrator for the settlement. This arbitrator made a settlement of these conflicting claims resulting in an indebtedness on the part of Craven's estate to Philpot's estate of $599.87. This award was reported to court and made the judgment in the case. The agreement by which these

controversies were submitted to Baker shows that other claims for considerable sums of money were to be arbitrated and the award shows these claims in no wise connected with the suit were adjusted and in prosecuting the claims upon the one side of every character against the balance due appellant as administrator. These sureties are under no obligation by reason of this injunction bond to pay the balance due from one of these estates to the other upon a settlement of claims not involved in the issue made in the action in which the injunction was granted. The fact that the amount found due by the award might probably be less than the damages awarded on the dissolution is immaterial. These sureties were no parties to the litigation except so far as they were liable on the injunction bond. They gave no consent to the adjustment of these claims by an arbitrator and the award made the judgment of the court, showing upon its face that it was based upon claim after claim not involved in the action, relieves them from liability. The appellant by the judgment fails to show that any damages were sustained by reason of the injunction. If this judgment was held as conclusive on the sureties, still no recovery could be had as the judgment recites that no damages have been sustained on account of the injunction. There was no judgment enjoined and the condition of the bond was only to pay what damages Philpot sustained by reason of his being restrained from collecting the notes.

Judgment is *affirmed*.

*Russell, Everitt,* for *appellant.*

*Garnett, Baker,* for *appellee.*

